# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SEYLA BAENA, individually and on behalf of others similarly situated,**

                      **Plaintiff,**

**-vs-**                                                **Case No. 6:12-cv-1017-Orl-28DAB**

**M & F, LLC, a Florida limited liability company, JOGGING USA, INC., a Florida corporation, FABIAN BERRU, individually,**

                        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 32)**
>
> **FILED:** December 12, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff Seyla Baena filed suit against Defendants M&F, LLC, Jogging USA, Inc. and Fabian Berru on July 2, 2012. She worked as a housekeeper for Defendants' clients, routinely working ten to fifteen hours of overtime per week, for which she did not receive minimum or overtime wages. Doc. 23. Based on the parties' representations in the Joint Motion for Approval of Settlement, Plaintiff sought overtime from Defendant from June 2010 to February 2012, for a total of 84 weeks. Doc. 32. Plaintiff sought $3,360 for unpaid minimum wages and $4,200 for overtime wages, for a total of $7,560 plus an equal amount in liquidated damages. Doc. 32. Defendant denied all liability to Plaintiff, asserting that Plaintiff was employed by a corporation that was an independent contractor of Defendant and they could not possibly have employed Plaintiff. Doc. 32. The parties represent that, to facilitate settlement, they exchanged documents and information, including Plaintiff's compensation records. Defendants engaged an accountant to conduct a thorough review and analysis of the hours Plaintiff worked and the compensation paid to her, and he created a spreadsheet summarizing the hours worked and compensation paid, and calculating any damages Plaintiff might

be owed. The parties contend that the calculations of Plaintiff's damages show that Plaintiff in all likelihood owes Defendants money for which Defendants would claim a setoff which would result a verdict of no liability if this case proceeded to trial. Doc. 32 at 6. Additionally, the facts show that Plaintiff was employed by a subcontractor of Defendants, which is the entity that actually compensated Plaintiff; therefore, it is most likely that the subcontractor is Plaintiff's employer. Doc. 32 at 6. Plaintiff concedes that, if Plaintiff proceeded to trial, Defendants would be likely not to be found liable because it did not arguably employ Plaintiff, and arguably only contracted with her employer.

However, in an effort to terminate the litigation, Defendant agreed to a settlement of $2,500. Plaintiff will receive $250 (or 10% of the settlement) as unpaid wages and liquidated damages. Plaintiff is also released from any potential claim against her by the Defendants. The remainder of the settlement, $2,250 will go to Shavitz Law Group, P.A. for attorney's fees ($1,705) and costs ($545) for the filing fee ($350) and service of process on all three Defendants (at $65 each). Plaintiff's counsel represents that the $1,705 in fees represents a 61% discount from the full amount, $4,285, that Shavitz Law Group actually incurred for work including: (a) investigation of Plaintiffs' claims, and the feasibility of asserting them; (b) review of Defendants' payroll records for Plaintiff, and calculations of her damages based on same; (c) multiple discussions of the contents of those records with defense counsel and Plaintiff; and (d) negotiating and resolving Plaintiff's claim. Doc. 32.

Although counsel's "full fee" of $4,285 is based on Plaintiff's attorneys' normal rates of $350[1] to $250 per hour, at 19.3 hours of time, even at the rates typically awarded by this Court, counsel's time has been significantly discounted and equates to less than $100/hour ($1,705/19.3).

---

[1] As the Court has previously pointed out, it does not find an hourly rate of $350 for Mr. Shavitz to be reasonable, even though he has been awarded that rate in the Southern District of Florida, which is a different local market, and not necessarily the rate he would receive in the Middle District of Florida. *See Petrovich v. Kalakota*, Case No. 6:11-cv-1251-Orl-28DAB.

The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Accordingly, settlement to Plaintiff of $250 for unpaid minimum and overtime wages and $1,750 for attorney's fees and $545 for costs is a fair and reasonable settlement.  Accordingly, it is respectfully **RECOMMENDED** that the Joint Motion for Approval of Settlement and Dismissal With Prejudice (Doc. 32) be **GRANTED** and the Clerk be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 18, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy